1
2
3
4
5
6                         UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                    * * *
                                       )
9    JESSICA R. WHITFIELD              )
                                       )
10              Plaintiff,             )          3:10-cv-0176-LRH-VPC
                                       )
11   v.                                )
                                       )          ORDER
12   MICHAEL J. ASTRUE, Commissioner of )
     Social Security                   )
13                                     )
                Defendant.             )
14   _____)

15          Before the court are plaintiff Jessica R. Whitfield's ("Whitfield") motion for reversal

16   (Doc. #16[1]) and motion to remand (Doc. #17). Defendant Michael J. Astrue, the Commissioner of

17   Social Security ("Commissioner"), filed an opposition and cross-motion for summary judgment

18   (Doc. #19) to which Whitfield did not respond.

19   **I.      Facts and Procedural History**

20          On April 28, 2005, Whitfield applied for disability insurance benefits and supplemental

21   security income after an accident in which she fell off a truck at her prior employment with Federal

22   Express injuring her back and left thigh. The Commissioner denied Whitfield's application initially

23   and on reconsideration.

24          Whitfield then requested a hearing before an administrative law judge ("ALJ"). A hearing

25   _____

26          [1] Refers to the court's docket entry number.

was held on October 4, 2007, before ALJ Robert Tronvig, Jr. ("ALJ Tronvig"). ALJ Tronvig found that Whitfield was not disabled under the statute because she was able to perform her past relevant work as a hospital admitting clerk and Federal Express quality inspector and, therefore, was not entitled to disability benefits.

Whitfield appealed and the Appeals Council vacated ALJ Tronvig's decision and remanded the matter for a new hearing. On December 3, 2008, a new hearing was held before ALJ Stanley R. Hogg ("ALJ Hogg"). ALJ Hogg also found that Whitfield was not disabled because she was able to perform her past relevant work and, therefore, was not entitled to disability benefits.

Whitfield again appealed to the Appeals Council. However, the Appeals Council affirmed ALJ Hogg's findings. Thereafter, Whitfield filed the present motions for reversal of ALJ Hogg's decision and remand of her disability action to the Commissioner. *See* Doc. ##16, 17.

**II.   Discussion**

Whitfield requests the court either remand her disability action to the Commissioner for the consideration of new evidence or reverse the Commissioner's decision on the basis of new evidence which was not considered by the Commissioner. *See* Doc. ##16, 17. Along with her motions, Whitfield has filed several unauthenticated documents including photographs of Federal Express vehicles, letters, medical records, and MRI results. *See* Doc. #16.

Pursuant to 42 U.S.C. § 450(g), the court may remand an action to the Commissioner for the consideration of new evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 450(g); *see also, Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) ("In determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether the claimant has shown good cause for having failed to present the new evidence to the ALJ earlier."). New evidence is material to a disability determination if there is a reasonable probability that the ALJ

1  would have reached a different decision if he has seen the new evidence. *Mayes*, 276 F.3d at 462.

2  The court has reviewed the documents and pleadings on file in this matter and finds that

3  Whitfield's motions fail to meet both the materiality and good cause requirements. First, Whitfield

4  has not established that her new evidence would have any bearing on her disability determination.

5  There is no indication in any of her exhibits, particularly the medical records and MRI results, that

6  she would not be able to perform her past relevant work. In contrast, the enclosed doctor's reports

7  indicate that Whitfield is able to lift up to ten pounds, sit for prolonged periods of time, stand and

8  walk occasionally, and bend and stoop which is consistent with her past relevant work as a hospital

9  admitting clerk and Federal Express quality inspector. As such, Whitfield's attached evidence does

10 not establish that ALJ Hogg would have reached a different decision if he had seen the evidence.

11 Additionally, the medical records and MRI results are not new evidence as required by

12 42 U.S.C. § 450(g). The enclosed medical records are identical to records and reports that are in

13 the ALJs' records. Further, the MRI results are duplicative of other lower back exams which

14 discussed Whitfield's possible nerve root damage. Therefore, the court finds that Whitfield's

15 exhibits are not "new evidence" sufficient to warrant remand under 42 U.S.C. § 450(g).

16 Finally, the court finds that Whitfield has failed to make a showing of good cause as to why

17 her new evidence was not entered into the record at a prior proceeding. In her moving papers,

18 Whitfield concedes that she was represented by experienced counsel and that counsel knew of her

19 possible nerve root damage and had copies of her relevant medical information including doctors'

20 reports and MRI results but failed to provide them to ALJ Hogg in her second disability hearing.

21 Her attorney's failure to provide known information and evidence to the court in a prior proceeding

22 does not satisfy the good cause requirement for remand. *See e.g., Sanchez v. Sec'y of HHS*, 812

23 F.2d 509, 512 (9th Cir. 1987). Accordingly, the court shall deny Whitfield's motions for reversal

24 and remand and grant the Commissioner's motion for summary judgment.

25 ///

26

1    IT IS THEREFORE ORDERED that plaintiff's motion for reversal (Doc. #16) and motion

2  for remand (Doc. #17) are DENIED.

3    IT IS FURTHER ORDERED that defendant's cross-motion for summary judgment

4  (Doc. #19) is GRANTED.

5    IT IS FURTHER ORDERED that plaintiff's motion to add evidence to the ALJ's record

6  (Doc. #21) is DENIED.

7    IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

8    IT IS SO ORDERED.

9    DATED this 1st day of November, 2010.

11    _____

12    LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE